Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2014, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WISEMAN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMIAH LEE COLLINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 21A01-1405-CR-192 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FAYETTE CIRCUIT COURT
The Honorable Beth Butsch, Judge
Cause No. 21C01-1304-FB-279

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Jeremiah Lee Collins was convicted of methamphetamine and other drug-related offenses and sentenced to three years, with six months executed and the remainder suspended to probation. Approximately six weeks after being released from jail on probation, Collins was arrested for making methamphetamine in a camper on a remote farm in Fayette County and had his probation revoked. Collins now appeals the revocation of his probation, arguing that the State used hearsay to prove that a methamphetamine lab existed. Finding that the hearsay is substantially trustworthy, we affirm the revocation of Collins' probation.

**Facts and Procedural History**

In June 2013 Collins pled guilty to Class D felony possession of methamphetamine, Class D felony possession of a controlled substance, Class A misdemeanor possession of marijuana, and Class A misdemeanor possession of paraphernalia. The trial court sentenced Collins to an aggregate term of three years, with six months executed and the remaining two and one-half years suspended to probation. As a condition of Collins' probation, he was ordered not to commit a new criminal offense.[1] Tr. p. 5. Collins was released from jail on August 14, 2013. *Id.* at 5, 31. Collins' probation officer met with him that day and explained to him the rules of probation, including the condition that he shall not commit another criminal offense. *Id.* at 5.

---

[1] At the probation-violation hearing, the trial court took judicial notice that when Collins was sentenced, he would have been advised of the general conditions of probation, which included that he would not commit another criminal offense and would obey the laws of the United States of America. In addition, if he committed another offense, his probation could be revoked. Tr. p. 31.

On September 30, 2013, Detective Scott Phillips of the Connersville Police Department received a tip from a confidential informant (CI) about a methamphetamine lab in the western part of the county. Detective Phillips, who was assigned to the Fayette County RUFF Drug Task Force, had previously worked with this CI about thirty to forty times and found him to be reliable and credible. The CI told Detective Phillips that he learned about the methamphetamine lab from Collins and that he had been to the lab, which was in a camper on a remote farm. In addition, the CI told Detective Phillips that he and Collins had accompanied an unknown woman that morning to purchase pseudoephedrine, which was going to be used to cook methamphetamine later that day. The unknown woman had purchased the pseudoephedrine. Finally, the CI sent Detective Phillips two photographs on his cell phone that looked like a methamphetamine lab to Detective Phillips.

Based on this information, Detective Phillips obtained a search warrant for the property. Detective Phillips, three members of the Indiana State Police Laboratory Team, the Fayette County Sheriff, and the Sheriff's chief deputy went to the property to execute the search warrant. The CI had told Detective Phillips that Collins would be there cooking methamphetamine. Upon their arrival, they found Collins outside the camper wearing a long, blue latex glove. When Collins saw the police coming, he attempted to flee into a cornfield, but he was apprehended. The search warrant was executed, and the State Police Laboratory Team processed and cleaned up the scene. For safety reasons, Detective Phillips did not enter the camper. The Lab Team told Detective Phillips that there was an active methamphetamine lab inside in the camper and that it was a one-pot method, which

3

was consistent with the photos that the CI had earlier showed Detective Phillips. The police arrested Collins, who was the only person found on the property. Detective Phillips spoke with the property owner, who said that he did not give anyone permission to use his camper to make methamphetamine.

The following day, November 1, the State filed a petition alleging that Collins violated his probation for "committ[ing, among other offenses,] the offense of Dealing in Methamphetamine . . . in Cause No. 21C01-1310-FB-737." Appellant's App. p. 24. Following a hearing, the trial court found, by a preponderance of the evidence, that Collins violated the terms of his probation by committing a new felony offense.[2] *Id.* at 36. The court revoked his probation and ordered him to serve his previously suspended sentence of two and one-half years in the Department of Correction. *Id.*

Collins now appeals the revocation of his probation.

## Discussion and Decision

Collins contends that the evidence is insufficient to prove that he violated his probation by committing a new criminal offense. Probation is a matter of grace left to trial-court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35-38-2-3.

---

[2] At the probation-revocation hearing, the trial court stated:

[T]he Court will find that . . . the State has proven . . . by a preponderance of the evidence, which is the standard for a probation violation, that in fact Mr. Collins has violated his probation by committing another criminal offense; that offense being more than likely manufacturing methamphetamine and also . . . maintaining a common nuisance . . . and probably criminal trespass and resisting law enforcement . . . .

Tr. p. 31.

4

Once a trial court has exercised its grace by ordering probation rather than incarceration, the court should have considerable leeway in deciding how to proceed. *Prewitt*, 878 N.E.2d at 188. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, courts might be less inclined to order probation to future defendants. *Id.* Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse-of-discretion standard. *Id.*

When the State alleges that the defendant violated his probation by committing a new criminal offense, the State must prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

Collins argues that "[n]o one from the lab testified that a meth lab actually existed" and therefore the State's case is "based on information from others who did not testify and who were not cross examined." Appellant's Br. p. 3, 5. A probation-revocation hearing is not equivalent to an adversarial criminal proceeding. *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999), *reh'g denied*; *Bass v. State*, 974 N.E.2d 482, 486 (Ind. Ct. App. 2012). Because probation-revocation procedures are to be flexible, strict rules of evidence do not apply. *Cox*, 706 N.E.2d at 550. The scope of the right to confrontation as defined in *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply in such proceedings. *Bass*, 974 N.E.2d at 486. Although hearsay evidence may not be admitted "willy-nilly" in a probation-revocation proceeding, it is admissible as long as it bears substantial guarantees of trustworthiness. *Id.*; *see also Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*.

We first note that Collins has waived this issue because he did not object when Detective Phillips testified at the probation-revocation hearing that the Indiana State Police Laboratory Team told him that there was an active methamphetamine lab inside the camper. Waiver notwithstanding, we find that the hearsay evidence was substantially trustworthy. That is, Detective Phillips testified that the CI told him about a methamphetamine lab inside a camper on a remote farm in the western part of the county. In addition, the CI was with Collins when precursors were purchased to be used to cook methamphetamine later that day. Detective Phillips received two photos on his cell phone from the CI depicting what appeared to be a methamphetamine lab, and the CI told Detective Phillips that Collins would be at the property cooking methamphetamine. After obtaining a search warrant, Detective Phillips located Collins—the only person on the property—outside the camper wearing a long, blue latex glove. Collins fled but was captured. The State Police Laboratory Team entered the camper and found a "one pot meth lab cooking system," which was consistent with the photos that the CI had sent to Detective Phillips earlier that day. Tr. p. 29. The Lab Team described the methamphetamine lab as "active." *Id.* at 10. The Lab Team then processed and cleaned up the scene. We find that the portion of Detective Phillips' testimony that was hearsay was substantially trustworthy and supported the court's finding that Collins violated his probation by dealing in methamphetamine. Collins' other arguments—such as the CI was a paid informant, Collins' name was not on the pharmacy logs for that day (even though the unidentified woman was the one who purchased the pseudoephedrine), and the CI's relationship with

6

Collins was not explored—are merely requests to reweigh the evidence. We therefore affirm the revocation of Collins' probation.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.