**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 28 2014, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REMINGTON DIAZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1403-CR-149 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause Nos. 84D03-1001-FB-222 and 84D03-1104-FD-1091

**October 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Appellant/Defendant, Remington Diaz ("Diaz"), appeals the trial court's order revoking his probation and requiring him to serve the balance of his previously suspended sentences under two different causes in the Department of Correction ("DOC"). On appeal, Diaz argues that because he admitted responsibility and was willing to serve his time on work release, the trial court should not have imposed a lengthy prison sentence. We find that the trial court did not abuse its discretion.

We affirm.

## ISSUE

Whether the trial court abused its discretion by ordering Diaz to serve the remainder of his sentences after revoking his probation.

## FACTS

On March 30, 2011, the trial court found Diaz guilty of Class B felony burglary;[1] Class D felony intimidation;[2] and Class B misdemeanor battery[3] in Cause Number 84D03-1101-FB-222 ("Cause 222"). On May 31, 2011, the trial court sentenced him to ten (10) years for his burglary conviction, with three (3) years executed and seven (7) years suspended to probation; eighteen (18) months for his intimidation conviction; and 180 days for his battery conviction, all to be served concurrently.

In between his conviction and sentencing in Cause 222, the State charged Diaz under a separate cause, Cause Number 84D03-1104-FD-1091 ("Cause 1091"), with Class

---

[1] IND. CODE § 35-43-2-1 (2010). We note that, effective July 1, 2014, new versions of these statutes were enacted. Because Diaz committed his crimes in 2010, we will apply the statute in effect at that time.

[2] I.C. § 35-45-2-1 (2010).

[3] I.C. § 35-42-2-1(a) (2010).

D felony auto theft;[4] Class C misdemeanor operating a vehicle without ever receiving a license;[5] and Class B misdemeanor failure to stop after an accident resulting in damage to an unattended vehicle.[6] On November 7, 2011, Diaz pled guilty to his Class D felony auto theft charge. In exchange, the State dismissed the remaining charges against him. On November 7, 2011, the trial court sentenced him to one (1) year suspended for the auto theft conviction, to be served consecutive to his sentence in Cause 222.

Diaz served his executed sentence and was released to probation in September of 2012. Among other conditions imposed, the terms of Diaz's probation required that he "report in person to the Adult Probation Office on or before the 15th of each month, and at any other time upon a 24-hour notice[,]"[7] and "enroll in and successfully complete the Vigo County Alcohol and Drug Program." (App. 84). He was also prohibited from "possess[ing] or us[ing] any controlled substances except as prescribed by a licensed medical practitioner." (App. 83).

On February 22, 2013, the State filed a petition to revoke Diaz's probation, alleging that he had tested positive for THC and methamphetamines on February 13, 2013, and had failed to pay $400 in fees as required.[8] Diaz was ordered to appear at a probation revocation hearing on March 25, 2013, but failed to do so. As a result, the trial court issued a warrant for his arrest. On May 6, 2013, Diaz appeared before the court in

---

[4] I.C. § 35-43-4-2.5(b)(1) (2011).

[5] I.C. § 9-24-18-1 (2011).

[6] I.C. §§ 9-26-1-3(1) and 9-26-1-8(b) (2011).

[7] The number 15 is crossed out, but it is still clear that Diaz had a monthly reporting requirement and a requirement to report at any time with 24-hour notice.

[8] Diaz was required to pay $50 per month starting November 22, 2012.

the custody of the Vigo County Sheriff's Department, and the trial court ordered him to appear for a probation revocation hearing on May 14, 2013. The hearing was later continued to June 13, 2013.

On June 13, 2013, the trial court held a hearing to determine whether Diaz had violated the terms of his probation in Cause 222. Due to an error, the Probation Department had not filed a petition to revoke Diaz's probation in Cause 1091. At the hearing, Diaz admitted to the alleged violations, and the trial court ordered him released back to probation. The trial court also required him to report to the Alcohol and Drug program and to his probation officer and scheduled a compliance hearing for September 12, 2013. Subsequently, Diaz failed to attend a scheduled probation appointment on July 3, 2013, failed to comply with his Alcohol and Drug counselor's instruction to enroll in a drug treatment program, and failed to appear for his compliance hearing on September 12, 2013. As a result, the trial court again issued an arrest warrant.

Diaz was subsequently arrested on January 24, 2014. On February 3, 2014, the probation department filed another petition to revoke Diaz's probation, which, in addition to the violations alleged in the February 22, 2013 petition, also alleged that Diaz had failed to comply with the trial court's June 13, 2013 order, had missed an appointment with his probation officer, and had failed to enroll in a treatment program. The petition sought to revoke Diaz's probation in Causes 222 and 1091.

On February 27, 2014, the trial court held a probation revocation hearing. During the hearing, Diaz admitted to violating the conditions of his probation. He told the trial court that the reason he had failed to enroll in the alcohol and drug treatment program

4

was that he owed the center that administered the program a debt, and the center had sued him multiple times to satisfy the debt. He claimed that he had not reported back to probation because he was "scared" because he had refused to sign up for treatment. (February 27, 2014 Tr. 20).[9] At the conclusion of the hearing, Diaz requested that the trial court either release him to probation or work release so that he could take advantage of two jobs he had been offered. The trial court denied this request and ordered Diaz to serve his previously suspended consecutive sentences in the DOC. However, the court agreed to place him in a therapeutic community and to re-evaluate his sentence if he successfully completed the therapy. Diaz now appeals.

### DECISION

On appeal, Diaz argues that the trial court abused its discretion by ordering him to serve the entirety of his previously suspended sentences in the DOC. Specifically, Diaz argues his acceptance of responsibility and willingness to serve his sentence on work release gave the trial court more lenient sentencing options.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Pursuant to INDIANA CODE § 35-38-2-3, if a trial court finds that a person has violated a condition of probation and the petition to revoke probation is filed within the probationary period, the trial court may impose "one or more" of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

---

[9] Because there are two volumes of transcripts, we will refer to one as "June 13, 2013 Tr." and the other as "February 27, 2014 Tr."

5

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of the initial sentencing.

The selection of an appropriate sanction will depend upon the severity of the defendant's probation violation. *Heaton v. State*, 984 N.E.2d 614, 618 (Ind. 2013). On appeal from a trial court's determination regarding a sanction for a probation violation, we will review for an abuse of discretion. *Id.* at 616. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id.*

Here, the trial court did not abuse its discretion when it ordered Diaz to serve his previously suspended sentences. When revoking Diaz's probation, the trial court stated:

> [O]bviously Mr. Diaz is still a young man, but he's already been in the [DOC], and when he came out of the [DOC], right away he's testing positive for marijuana and methamphetamine. He's really not ever gained compliance fully with the terms of his probation, either by not showing up or not completing Alcohol and Drug [treatment]. His conduct at the [DOC] wasn't exemplary, either. There were a number of write-ups while he was at the [DOC]. . . . Community Corrections didn't want him on C.T.P. I didn't even allow him on C.T.P. because there've been issues over there. So, I mean it just seems like I've exhausted options even though he's only twenty-three (23) at this point.

(February 27, 2014 Tr. 31-32).

As the trial court noted, Diaz never fully complied with the terms of his probation. He admitted that he violated the terms of his probation multiple times by testing positive for marijuana and methamphetamine, failing to meet with his probation officer as ordered, failing to enroll in treatment as ordered, and failing to appear at court hearings.

6

Significantly, the trial court had to issue a warrant for his arrest on two occasions after Diaz was shown leniency and then failed to report. Diaz has demonstrated that he is not willing to comply with the terms of his probation, even in the face of such leniency. Further, as the trial court noted, Diaz was not an appropriate candidate for community corrections (which includes work release), both because community corrections did not want him and because Diaz had created disciplinary issues there in the past. In light of these facts, we conclude that the trial court did not abuse its discretion in ordering Diaz to serve the remainder of his previously suspended sentences in the DOC and in denying Diaz's request for placement in work release.

Affirmed.

NAJAM, J., and BAILEY, J., concur