ATTORNEY FOR APPELLANT
Jill M. Acklin
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Chief Counsel

Ryan D. Johanningsmeier
Andrew A. Kobe
Deputy Attorneys General
Indianapolis, Indiana



FILED
Mar 05 2013, 3:45 pm
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 48S02-1206-CR-350

KIMBERLY HEATON,                                    *Appellant (Defendant),*

v.

STATE OF INDIANA,                                   *Appellee (Plaintiff).*

Appeal from the Madison Superior Court, No. 48D01-0904-FC-61
The Honorable Dennis D. Carroll, Judge

On Transfer from the Indiana Court of Appeals, No. 48A02-1104-CR-404

**March 5, 2013**

**Dickson, Chief Justice.**

The defendant-appellant, Kimberly Heaton, challenges the trial court's revocation of her probation and its order that she serve eighteen months of her previously suspended twenty-four month sentence. Heaton's appeal raises the question of what legal standard is to be applied in a probation revocation proceeding where the State claims that the probationer committed a new criminal offense while on probation. We hold that the correct legal standard is the statutorily-mandated preponderance of the evidence standard.

On August 3, 2009, the defendant pled guilty to Receiving Stolen Property as a Class D felony, Ind. Code § 35-43-4-2(b). On September 14, 2009, the trial court sentenced her to thirty months, with twenty-four months suspended to probation. While serving her probation term, the defendant was arrested and charged with Theft as a Class D felony, Ind. Code § 35-43-4-2(a). The State filed a Notice of Violation of Probation alleging five violations of probation conditions. After an evidentiary hearing, the trial court determined that the defendant had committed four probation violations, including commission of a new criminal offense. The remaining three violations were technical in nature: (1) failure to keep the probation department informed of her current address; (2) failure to obtain a substance abuse evaluation; and (3) failure to verify employment with the probation department. The trial court ordered the defendant to serve eighteen months of her previously-suspended sentence at the Indiana Department of Correction.

On appeal, the defendant has challenged the standard of proof used by the trial court in determining whether the defendant had committed a new criminal offense. The defendant contends that the trial court erred in using the probable cause standard and should have instead used the preponderance of the evidence standard. The Court of Appeals agreed with the defendant, reversed the decision of the trial court, and remanded. Heaton v. State, 959 N.E.2d 330, 331 (Ind. Ct. App. 2011). We granted transfer.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.* In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.*, or when the trial court misinterprets the law, *see* State v. Cozart, 897 N.E.2d 478, 483 (Ind. 2008) (citing Axsom v. Axsom, 565 N.E.2d 1097, 1099 (Ind. Ct. App. 1991) ("An abuse of discretion may also be found when the trial court misinterprets the law or disregards factors listed in the controlling statute.")).

Probation revocation is a two-step process. First, the trial court must make a factual de-

termination that a violation of a condition of probation actually occurred. <u>Woods v. State</u>, 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.*

The parties' dispute stems from the proper legal standard for the trial court to apply when making its factual determination in step one of the two-step process. The defendant contends that the trial court erred by using the probable cause standard in evaluating whether the defendant actually committed the crime of Theft. Appellant's Br. at 10–11 (citing Tr. at 74 ("[T]o the extent that this Court only has to make a probable cause determination, that is that a charge was filed and it is, and it is supported by probable cause, that's clearly the case here.")). The defendant asserts that the trial court should have instead used the preponderance of the evidence standard. Ind. Code § 35-38-2-3(e) (2008) ("The state must prove the violation by a preponderance of the evidence."). The State argues, based on prior case law, that "[t]he proper standard for determining whether a probationer committed a crime is probable cause." Appellee's Trans. Br. at 4.

The State relies primarily on this Court's decision in <u>Cooper v. State</u>, 917 N.E.2d 667 (Ind. 2009). In <u>Cooper</u>, the State initiated probation revocation proceedings based on domestic violence charges filed against the defendant. *Id.* at 669–70. At the probation revocation hearing, the trial court found that the defendant committed a crime and revoked the defendant's probation. *Id.* at 670. Because the defendant in <u>Cooper</u> failed to timely appeal, he forfeited his right to appeal the trial court's order, and thus the only issue properly before the Court was "whether the trial court erred in denying Cooper's motion to reconsider." *Id.* at 673. In reviewing the denial of the motion to reconsider for abuse of discretion, the Court observed that "if the trial court after a hearing finds that the arrest was reasonable and there is *probable cause* to believe the defendant violated a criminal law, revocation will be sustained." *Id.* at 674 (emphasis added) (citing <u>Brooks v. State</u>, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998), *trans. denied*).

<u>Cooper</u> appears to rely on a prior, superseded probation revocation statute which stated in part: "If it shall appear that the defendant has violated the terms of his probation or has been found guilty of having committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been im-

posed." Ind. Code § 35-7-2-2 (1971). The statute did not expressly provide a legal standard for courts to make this factual determination, but courts regularly used the probable cause standard in practice. *See, e.g.*, Hoffa v. State, 267 Ind. 133, 135, 368 N.E.2d 250, 252 (1977) ("[T]he trial court . . . found that the arrest was reasonable and further found that there was probable cause for belief that the defendant had violated the criminal law of this state . . . ."). [1] In 1976, Indiana Code Section 35-7-2-2 was amended to include a subsection (d), which stated, "The state has the burden of proving the violation [of a condition of probation] by a preponderance of the evidence." P.L. 148-1976 § 23, 1976 Ind. Acts 718. The language in subsection (d) closely corresponds with the language in subsection (e) of the 2008 version of the statute. Ind. Code § 35-38-2-3(e) (2008) ("The state must prove the violation by a preponderance of the evidence."). Since the 1976 amendment, the statute has undergone repeal and reenactment,[2] as well as numerous amendments.[3] However, despite these changes, the language in subsection (e), calling for a probation violation to be proven by a preponderance of the evidence, has remained largely unchanged since its 1976 revision. Based on this clear, explicit declaration of the legislature, the correct burden of proof for a trial court to apply in a probation revocation proceeding is the preponderance of the evidence standard. To the extent that Cooper may be read to permit proof only by probable cause, it is overruled.[4]

Alternatively, the State argues that the trial court did in fact apply the correct legal stand-

---

[1] Although Hoffa was decided after the effective date of the amended probation revocation statute which explicitly required the state to prove a violation of a condition of probation by a preponderance of the evidence, *see* P.L. 148-1976 § 23, 1976 Ind. Acts 718, the trial court's probation revocation hearing had been conducted on March 31, 1976, prior to the effective date of the amended statute. Therefore, the Hoffa court correctly applied the prior 1975 version of the statute.

[2] In 1983, Indiana Code Section 35-7-2-2 was repealed by P.L. 311-1983 § 49, 1983 Ind. Acts 1861, and reenacted as Indiana Code Section 35-38-2-3 by P.L. 311-1983 § 3, 1983 Ind. Acts 1861.

[3] *See, e.g.*, P.L. 340-1977 § 146, 1977 Ind. Acts 1533 (amending subsection (d) to state, in part, "The state must prove the violation by a preponderance of the evidence."); P.L. 67-1990, § 12, 1990 Ind. Acts 1555; P.L. 214-1991, § 1, 1991 Ind. Acts 3007; P.L. 240-1991(ss), § 94, 1991 Ind. Acts 3101; P.L. 216-1996, § 15, 1996 Ind. Acts 2677; P.L. 166-2001, § 1, 2001 Ind. Acts 1074; P.L. 98-2004, § 152, 2004 Ind. Acts 1568; P.L. 13-2005, § 1, 2005 Ind. Acts 1328; P.L. 156-2007, § 5, 2007 Ind. Acts 2283; P.L. 48-2008, § 1, 2008 Ind. Acts 1030; P.L. 106-2010, § 11, 2010 Ind. Acts 1237; P.L. 147-2012, § 10, 2012 Ind. Acts 3242.

[4] The Court of Appeals noted several other Indiana cases which similarly rely on the out-of-date probable cause standard. Heaton, 959 N.E.2d at 333 (citing Davis v. State, 916 N.E.2d 736, 740 (Ind. Ct. App. 2009), *trans. denied*; Tillberry v. State, 895 N.E.2d 411, 417 (Ind. Ct. App. 2008), *trans. not sought*; Weatherly v. State, 564 N.E.2d 350, 352 (Ind. Ct. App. 1990), *trans. not sought*). To the extent that these cases conflict with our opinion today, they are likewise overruled.

ard in its determination that the defendant had committed theft while on probation when it stated that "the Court will find on this evidence that there is a preponderance of the evidence to support the allegation of theft." Appellee's Br. at 6 (citing Tr. at 40). Although the State admits that the trial court, when announcing its revocation order, did reference the probable cause standard, it claims that "[b]ecause the court had correctly found by a preponderance of the evidence that Defendant had committed the crime, the court's later statement that it had found that probable cause existed to show that Defendant had committed the crime was harmless error." *Id.* Because the record is unclear as to which standard the trial court actually applied in determining whether the defendant had committed a new criminal offense, we cannot be assured that the trial court applied the proper standard and decline to find harmless error.

The State further asserts that the probation revocation should be affirmed because the defendant does not contest the trial court's findings that she had violated two other conditions of her probation. While it is correct that probation may be revoked on evidence of violation of a single condition, the selection of an appropriate sanction will depend upon the severity of the defendant's probation violation, which will require a determination of whether the defendant committed a new criminal offense. Given that the remaining three violations are technical in nature, the trial court, in its discretion, may decide to continue the probationer on probation without modification. *See* Ind. Code § 35-38-2-3(g) (2008). In any event, such determination is better exercised by the trial court.

Because it is unclear which standard the trial court used in this instance, we remand the case to the trial court for reconsideration of whether the defendant violated her probation and if so, what sanction, if any, is appropriate.

## Conclusion

We vacate the trial court's order finding that the defendant violated her probation and ordering her to serve a portion of her previously suspended sentence. This cause is remanded for a new determination of whether the defendant violated the conditions of her probation by a preponderance of the evidence pursuant to Indiana Code Section 35-38-2-3(e) (2008) and, if so, the

appropriate sanction for such violation.

Rucker, David, Massa, and Rush, JJ., concur.