**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARC A. ANDERSON | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 03A01-1302-CR-75 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1212-FB-6465
Cause No. 03C01-1212-FC-6466

**July 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Marc A. Anderson ("Anderson") was convicted in separate cases of two counts of Forgery, as Class C felonies.[1]   In the present case, he was sentenced to five years imprisonment, with the term of imprisonment to run consecutive to sentences in other cases. The trial court suspended his sentence in the present case to probation, with the probationary period in this case running concurrent with probation in the second Forgery case.  The trial court subsequently revoked Anderson's probation in both Forgery cases and ordered him to serve as executed time all but one year of the sentence in the present case.  He now appeals.

We affirm.

**Issues**

Anderson raises two issues for our review, which we restate as:

 I.  Whether the trial court abused its discretion when it ordered his probation revoked and all but one year of his sentence served as executed time, to run consecutive to his other sentences; and

 II.  Whether the trial court erred in determining his credit time.

**Facts and Procedural History**

On November 23, 2009, Anderson pled guilty to two counts of Forgery, as Class C felonies, in two separate cases ("Cause "6465" and "Cause 6466," respectively).[2]  The same day, Anderson also pled guilty to a charge of Theft, as a Class D felony ("Cause 1378").

---

[1] Ind. Code § 35-43-5-2(b).

[2] During the pendency of the probation revocation proceedings, the cases were transferred from Bartholomew Superior Court I to the Bartholomew Circuit Court, and the cause numbers were changed. For convenience, we refer to the cases by the last four numbers of the cause numbers assigned upon transfer to the Bartholomew Circuit Court.

On January 5, 2010, the trial court sentenced Anderson to five years imprisonment on Cause 6466. The trial court ordered that Anderson's sentence in Cause 6466 be run consecutive to sentences imposed in Cause 6465 and Cause 1378, as well as a sentence in an unrelated case in Johnson County. The trial court suspended Anderson's sentence in Cause 6466 to probation, and ordered probation in Cause 6466 to run concurrent with probation already ordered in Cause 6465. The trial court conditioned probation upon compliance with the rules imposed by the trial court and the probation office and required, inter alia, that Anderson pay fees assessed by the trial court, submit to random drug and alcohol screens, and comply with the specific programs recommended by community corrections.

On March 8, 2011, Anderson filed a motion with the trial court, requesting that the court dismiss the fines imposed on him because of indigence and imprisonment. On March 11, 2011, the trial court denied his motion.

On June 13, 2011, Anderson was placed on probation after his release from prison. On November 14, 2011, the State filed a petition to revoke Anderson's probation, alleging that Anderson had failed to pay restitution and fees associated with his probation.

On January 9, 2012, the trial court ordered a continuance of an initial hearing on the State's petition to revoke Anderson's probation "to allow time for defendant to make payments." (App. at 64.) On April 16, 2012, the trial court ordered Anderson to make payments of $10 per week, and scheduled a subsequent status hearing. At the next hearing, a subsequent hearing was scheduled and Anderson was again ordered to pay $10 per week.

This pattern continued over the course of several hearings and several months until

3

August 13, 2012. On that day, Anderson failed to appear for a fee status hearing scheduled for that day. On August 16, 2012, the trial court issued a bench warrant for his arrest.

On October 8, 2012, the State filed an amended petition to revoke Anderson's probation. In its amended petition, the State alleged that Anderson violated the terms of his probation by committing Theft on September 8, 2012; by testing positive for Cannabinoids during a drug screen on September 20, 2012; by being in unapproved locations on September 29 and October 1, 2012; and by falling in arrears in fees, costs, and restitution payments ordered in Causes 6465 and 6466. A bench warrant was issued for Anderson's arrest on October 9, 2012.

A probation revocation hearing was conducted on January 22, 2013. During the hearing, Anderson admitted to violating the terms of his probation as alleged in the State's amended petition. On January 23, 2013, the trial court ordered Anderson's probation in Causes 6465 and 6466 revoked. The trial court awarded no credit time in Cause 6466, and ordered that Anderson serve the sentences in the two cases consecutive to one another.

This appeal ensued.

**Discussion and Decision**

Probation Revocation

Anderson first argues that the trial court abused its discretion when it revoked his probation and ordered his sentences in Causes 6465 and 6466 be executed and run consecutive to one another. A trial court may revoke a defendant's probation if he has violated a condition of the probation during the probationary period and the petition to

4

revoke probation is timely filed.  I.C. § 35-38-2-3(a).  "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  Heaton v. State, 984 N.E.2d 614, 616 (Ind. 2013) (internal quotation and citation omitted).  Whether probation conditions have been violated, and whether to revoke probation in such an event, is within the trial court's discretion.  Id.  If the trial court decides to revoke a defendant's probation, it may "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing."  I.C. § 35-38-2-3(h)(3).

On appeal from a trial court's decision to revoke probation, we review the trial court's decision for an abuse of discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court.  Heaton, 984 N.E.2d at 616.  We look only to the evidence that favors the judgment, and we do not reweigh evidence or reassess witness credibility.  Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008).

During the probation revocation hearing, Anderson admitted to violating the terms of his probation.  On appeal, he contends that the trial court abused its discretion by ordering him to serve as executed time the balance of the suspended sentence in Cause 6465 and four of the five years imposed in Cause 6466.  Anderson argues that the trial court abused its discretion in light of his successful completion of six months of electronic monitoring during his probation, his alleged justification for his commission of Theft while on probation (namely, to feed an infant), his admission of the Theft and expression of remorse, his eagerness to find employment, and the violation of other terms of his probation arising as a result of anxiety.

5

The trial court acknowledged Anderson's explanations, but gave these no weight, instead focusing on Anderson's criminal history and subsequent misconduct during the probationary period. We decline Anderson's invitation to reweigh these matters, and find no abuse of discretion in the trial court's decision to impose as executed time the remainder of the sentence in Cause 6465 and four of the five years of the sentence in Cause 6466, with the terms of imprisonment run consecutively.

### Credit Time

We turn now to Anderson's contention that the trial court improperly denied him one day of credit time in Cause 6466. However, failure to comply with the requirements for citation to authority and cogent reasoning under our Appellate Rules may result in waiver. See Ind. Appellate Rule 46(A)(8); Reed v. Reid, 980 N.E.2d 277, 296-97 (Ind. 2012). Anderson baldly argues that the trial court committed an error without citation to authority or reasoning to support his position; he has therefore waived our review of his claim.

### Conclusion

The trial court did not abuse its discretion in determining Anderson's sanction for violating the terms of his probation, and Anderson has waived this Court's review of his claim concerning credit time. We therefore affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BARNES, J., concur.