## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2015, 10:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John C. Bohdan
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tim A. Tyler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 30, 2015

Court of Appeals Cause No.
02A05-1409-CR-460

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D04-0907-FC-153

**Robb, Judge.**

## Case Summary and Issue

[1] Tim Tyler appeals the trial court's decision to revoke his probation, raising one issue for our review:  whether there was sufficient evidence to establish that

Tyler violated his probation.  Concluding there was sufficient evidence, we affirm.

## Facts and Procedural History

[2] On December 15, 2009, Tyler entered a plea of guilty to battery as a Class C felony.  On January 13, 2010, he was sentenced to four years, all of which were suspended to probation.  On February 15, 2013, Tyler's probation was revoked, and he was ordered to serve two years executed with Allen County Community Corrections.  On May 16, 2013, Tyler's home detention was revoked, and he was ordered to maintain residency at Shepherd's House.  On March 6, 2014, the trial court approved a modification of Tyler's placement to Volunteers of America.

[3] Tyler was originally required to be inside the Volunteers of America facility for at least six hours per day.  However, Tyler was pushing the limits of that requirement.  As a result, the Volunteers of America director and Tyler's probation officer determined that Tyler's presence at Volunteers of America between 8 p.m. and 8 a.m. should be a condition of his continued placement there.  Tyler was made aware that Volunteers of America required him to be at the facility during nighttime hours.

[4] On July 22, 2014, the State filed a petition to revoke Tyler's probation—it is that petition which is the subject of this appeal.  The petition alleged that Tyler "failed to abide by the instruction of the probation department and Volunteers of America in regards to his court ordered placement."  Appellant's Appendix

at 21. A hearing was held on September 2, 2014, at which an employee of the Allen County Probation Department testified that Tyler failed to comply with the curfew imposed by his probation officer and Volunteers of America. The State also introduced notes kept by Volunteers of America that indicated Tyler broke curfew and left the facility late at night on approximately a dozen occasions. The trial court revoked Tyler's probation and ordered him to serve two years in the Indiana Department of Correction. This appeal followed.

# Discussion and Decision

## I. Standard of Review

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). The trial court has discretion to set probation conditions and to revoke probation upon violation of a condition. *Id.* Thus, an appeal from a trial court's finding of a violation and the resulting sanction are reviewed only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances or if it is contrary to law. *Id.*

## II. Probation Violation

Probation revocation is a two-step process. *Id.* First, the trial court determines whether a probation violation actually occurred. *Id.* Second, if a violation is found, the trial court then determines what sanctions, if any, are appropriate.

*Id.* Here, Tyler argues only that the evidence was insufficient to establish a violation of probation.[1]

[7] In March 2014, it was made a condition of Tyler's probation that he reside at Volunteers of America and that he abide by any rules that that facility placed on him. Volunteers of America and Tyler's probation officer informed Tyler that a requirement for maintaining residence at Volunteers of America was that he be present at the facility between the hours of 8 p.m. and 8 a.m. Despite Tyler's awareness of that constraint, he left the Volunteers of America facility between the hours of 8 p.m. and 8 a.m. without permission on numerous occasions.

[8] By violating the terms of his residency at Volunteers of America, Tyler violated a condition of his probation. Because the evidence shows that Tyler did not abide by the rules placed on him by Volunteers of America, the State presented sufficient evidence that Tyler violated a condition of his probation.

# Conclusion

[9] Concluding the State presented sufficient evidence to support the trial court's finding that Tyler violated his probation, we affirm.

[10] Affirmed.

May, J., and Mathias, J., concur.

---

[1] Tyler does not argue on appeal that the sanction imposed by the trial court is inappropriate.