## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 04 2016, 8:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony C. Lawrence<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Marjorie Lawyer-Smith<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel Sutton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 4, 2016<br><br>Court of Appeals Cause No.<br>48A02-1511-CR-1988<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Angela Warner Sims, Judge<br><br>Trial Court Cause No.<br>48C01-0303-FC-72 |

**Barnes, Judge.**

# Case Summary

[1] Samuel Sutton appeals the trial court's order revoking his probation and requiring him to serve the entire balance of his previously-suspended sentence. We affirm.

# Issue

[2] The sole restated issue is whether the trial court abused its discretion in ordering Sutton to serve the entirety of his previously-suspended sentence after finding he violated probation.

# Facts

[3] In 2004, Sutton pled guilty to and was sentenced for multiple offenses: two counts of Class D felony battery resulting in bodily injury to a police officer, three counts of Class D felony pointing a firearm, one count of Class C felony intimidation, one count of Class B felony possession of a firearm by a serious violent felon, one count of Class A misdemeanor battery resulting in bodily injury, and one count of Class A misdemeanor resisting law enforcement. On July 1, 2015, the trial court granted Sutton's petition to modify his sentence to time served in the Department of Correction ("DOC"), with the remaining 1,821 days of his sentence to be suspended to probation.[1] Additionally, the trial court ordered Sutton to successfully complete Madison County's Re-Entry

---

[1] The precise terms of Sutton's original sentence are not in the record before us.

Court program as a condition of probation. Through the Re-Entry Court program, Sutton was authorized to participate in work release.

[4] On August 26, 2015, Sutton failed to appear at a review hearing required by his Re-Entry Court participation agreement. Sutton's case manager determined that Sutton had left the work release facility that day shortly before noon for a job interview with a Village Pantry store, but he did not return until shortly before 7:00 p.m. Attempts to verify that Sutton had actually gone to the interview were unsuccessful. When Sutton returned to the facility, he was strip searched in a restroom. Officers discovered a clear plastic baggie in Sutton's underwear that appeared to contain "K2" or "Spice." App. p. 21. Before officers secured the baggie, Sutton attempted to flush it down the toilet but was unable to do so.

[5] The State charged Sutton with Class A misdemeanor possession of a synthetic drug and Class A misdemeanor trafficking with an inmate. Additionally, notices were filed to terminate Sutton's placement in Re-Entry Court and to revoke his probation. The petition to revoke probation alleged separately that Sutton had committed a new crime or crimes, and that he failed to successfully complete the Re-Entry Court program.

[6] At the beginning of the evidentiary hearing to determine whether Sutton had violated the terms of Re-Entry Court and probation, he denied that the substance officers recovered from him during the strip search was K2 or Spice and instead claimed that it was tobacco. Sutton requested a continuance of the

hearing until the substance could be tested, but the trial court denied the request. It was noted that tobacco would also have been contraband in violation of the rules of the work release facility; however, both the State and trial court acknowledged that the identity of the substance could be relevant in determining what sanction to impose if Sutton was found to have violated probation. At the conclusion of the hearing, the trial court found Sutton had violated the terms of Re-Entry Court and of probation by attempting to smuggle a forbidden substance into the work release facility. The trial court did not find that Sutton had committed a new crime or crimes. Before proceeding to sanctions, the State requested a continuance for the purpose of obtaining the lab results for the substance recovered from Sutton, which the trial court granted.

[7] At the beginning of the hearing on sanctions, the State informed the trial court that testing on the substance had not yet been performed. Counsel for Sutton then told the trial court that he was "prepared to go forward with the sanctions." Tr. p. 133. After Sutton testified, the trial court addressed him in part as follows:

> My point is, you're trying to make excuses. You're trying to minimize, and you're trying to blame others for over reacting. I think based on what we have at this point, I don't think anyone's over reacted to this situation. I don't know whether it's tobacco or illegal drugs, either, okay? And at this point, the Court's not really as concerned with that. It's your actions! And the fact you missed court is huge!

*Id.* at 141. The trial court then revoked Sutton's probation and ordered him to serve the full remainder of his previously-suspended 1,821-day sentence, less credit for time served. Sutton now appeals.

## Analysis

[8] Probation is a matter of grace within a trial court's discretion and it is not a right to which a defendant is entitled. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Id.* We review a trial court's determination that a probation violation occurred and any sanctions imposed upon such a determination for an abuse of discretion. *Id.* An abuse of discretion occurs if a decision is clearly against the logic and effect of the facts and circumstances before the trial court, or if the court has misinterpreted the law. *Id.*

[9] "Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id.* (citations omitted). Even if a defendant admits to a probation violation, he or she must be given an opportunity to offer mitigating evidence in support of a claim that the violation does not warrant revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Automatically revoking probation upon the finding of a violation raises constitutional concerns. *Id.* at 641.

[10] Here, Sutton does not contend there is insufficient evidence that he violated the terms of his Re-Entry Court placement and, therefore, the terms of his probation as well. He argues only that the trial court abused its discretion in revoking his probation and ordering to serve his full previously-suspended 1,821 sentence. In part, Sutton essentially contends it was an abuse of discretion for the trial court to order him to serve that sentence when it did not have the lab results confirming whether the substance seized from him at the work release facility was K2 or Spice, rather than tobacco. However, we note that at the beginning of the hearing on sanctions, Sutton's attorney expressly stated that he wanted to proceed despite the lab results not yet being ready, rather than continuing the matter again. We conclude this constitutes either invited error or waiver of any claim that the trial court somehow erred in proceeding to consider sanctions against Sutton without having the lab results. *See Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005) (holding that party cannot take advantage of an error that he or she commits, invites, or which is the natural consequence of the party's own neglect or misconduct); *cf. Ware v. State*, 859 N.E.2d 708, 721-22 (Ind. Ct. App. 2007) (holding that if a continuance would cure harm caused by State failing to provide timely discovery, defendant must request continuance or claim of error in admitting evidence is waived), *trans. denied*.

[11] Additionally, the trial court made it perfectly clear when it decided to revoke Sutton's probation that it was unconcerned with whether the substance was K2 or Spice rather than tobacco. Although the trial court had originally agreed

before commencing the hearing to determine whether Sutton had violated probation that the precise identity of the substance could be relevant in determining sanctions, plainly it had changed its mind after listening to the evidence of Sutton's violations and his attempt to explain away his conduct. Moreover, smuggling of tobacco into the work release facility was forbidden, and so from that standpoint the identity of the substance was irrelevant, even if it was tobacco as Sutton claimed.

[12] Finally, to the extent Sutton claims his smuggling of tobacco into the facility should not have been serious enough to warrant full revocation of his probation, we can find no abuse of discretion in the trial court's decision. The trial court exercised considerable grace in July 2015 by modifying Sutton's sentence for a number of serious offenses and allowing him to serve the last 1,821 days of that sentence on probation. In response to that leniency, Sutton violated the terms of his work release and Re-Entry Court program less than two months later. Regardless of the precise substance involved, smuggling contraband into a secure facility is serious, and Sutton attempted to dispose of that contraband after a guard discovered it. He also skipped a scheduled job interview and a mandatory court hearing on that same day, while roaming free outside the work release facility for seven hours. In sum, Sutton displayed by his conduct a substantial disregard for the terms of his work release, Re-Entry Court program, and probation. This was not a constitutionally-suspect "automatic" revocation of Sutton's probation upon the finding of a violation.

As such, it was not an abuse of discretion to revoke his probation and order him to serve the full amount of his previously-suspended sentence.

## Conclusion

[13] The trial court did not abuse its discretion in revoking Sutton's probation and ordering him to serve the full amount of his previously-suspended sentence. We affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.