## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 09 2016, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James R. Lunsford,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 9, 2016<br><br>Court of Appeals Case No.<br>34A02-1511-CR-2056<br><br>Appeal from the<br>Howard Superior Court<br><br>The Honorable<br>William C. Menges, Jr., Judge<br><br>Trial Court Cause No.<br>34D01-1203-FB-206 |

**Kirsch, Judge.**

[1]  James R. Lunsford ("Lunsford") appeals the trial court's order revoking his previously-suspended sentence for violation of the conditions of his re-entry

program. He raises the following restated issue for our review: whether the trial court abused its discretion when it did not award him credit time for time spent incarcerated for violating the re-entry program when the trial court revoked his suspended sentence.

We affirm.

## Facts and Procedural History

On August 23, 2012, Lunsford pleaded guilty, pursuant to a plea agreement, to dealing in methamphetamine, a Class B felony, and in exchange, the State dismissed three additional counts. Pursuant to the plea agreement, Lunsford was sentenced to 4,380 days with 2,555 days executed in the Department of Correction and 1,825 days suspended to supervised probation. On June 29, 2015, as a part of his probation, Lunsford appeared in court and signed a Re-Entry Program Participation Agreement, in which he agreed to participate in the Howard County Re-Entry Program for a maximum of three years, which included substance abuse treatment and counseling.

On July 1, 2015, Lunsford was taken into custody for being in indirect contempt of court as a result of violating the terms and conditions of the Re-Entry Program based on allegations that he violated a no-contact order with his wife. On August 26, 2015, an arrest warrant was issued for Lunsford for violations of the terms of the Re-Entry Program, and he was arrested on the same date. Lunsford failed to appear for a Re-Entry Program hearing and was arrested, pursuant to a bench warrant, on September 15, 2015. On September

16, a case manager for the Re-Entry Program filed a notice of termination with the trial court stating that the Re-Entry Program intended "to terminate . . . Lunsford's participation in the program due to absconding from the Howard County Re-Entry Court Program." *Appellant's App*. at 79. On the same date, the trial court issued an order terminating Lunsford's participation in the Re-Entry Program, and the probation department filed a petition to revoke Lunsford's previously-suspended sentence. At the fact-finding hearing on the petition, Lunsford admitted that he violated his probation. The trial court then found that the State had proven the violation by a preponderance of the evidence and ordered Lunsford to serve the balance of his suspended sentence, which was determined to be 1,825 days. Lunsford was given credit for forty-four actual days, or eighty-eight days as a result of day-for-day credit, that were served while awaiting disposition of the petition to revoke his suspended sentence. Lunsford now appeals.

## Discussion and Decision

[5] "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.* In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly

against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id*.

[6] Lunsford argues that the trial court abused its discretion when it revoked his previously-suspended sentence as a result of his violation of the terms of his probation. Lunsford specifically asserts that it was an abuse of discretion for the trial court to not grant him credit for the time he spent incarcerated for sanctions resulting from his violations of the Re-Entry Program. He contends that he was entitled to this credit for time served because the Re-Entry Program was post-sentencing, and participants should receive credit for any time spent incarcerated during the program.

[7] At the time Lunsford entered into the Re-Entry Program on June 29, 2015, he was on probation, and when he signed the participation agreement, he agreed to abide by all rules and conditions of the Re-Entry Program, which included, among other things, complying with the case plan, submitting to drug testing, and obeying all laws. *Appellant's App*. at 74-75. The participation agreement stated that sanctions shall be given for violations of the Re-Entry Program, and such sanctions were set forth in a sanction schedule and could include termination from the program. *Id*. Lunsford initially violated his terms of the Re-Entry Program on July 1, 2015 and was taken into custody for that violation; he was subsequently found to have violated the terms of the Re-Entry Program two more times, and after the third violation, a notice of termination from the Re-Entry Program was filed with the trial court. After admitting the

violations, the trial court ordered that Lunsford's participation in the Re-Entry Program be terminated. *Id*. at 78.

[8] Although Lunsford contends he was entitled to credit for the time he was incarcerated due to sanctions while participating in the Re-Entry Program, he fails to acknowledge the provision of the participation agreement in which he voluntarily and intentionally waived his right to earn credit time for any sanction under the Re-Entry Program. Paragraph nine of the participation agreement for the Re-Entry Program specifically stated, "Participant agrees to waive his right to earn credit time for any time spent in jail or otherwise confined to which he would otherwise be entitle[d] pursuant to Indiana law during participation in the Re[-]Entry Program." *Id*. at 75. Lunsford was not eligible to earn credit for time served for any sanctions that occurred while he was participating in the Re-Entry Program; he was only eligible to begin earning credit for time served once his participation in the program was terminated on September 16, 2015. He was, therefore, only entitled to credit time from September 16, 2015, the date he was no longer participating in the Re-Entry Program until October 28, 2015, the date his probation was revoked. When the trial court revoked his suspended sentence, it did give him credit for forty-four actual days served while awaiting the disposition of the case. The trial court did not abuse its discretion in awarding credit time to Lunsford.[1]

---

[1] In his brief, Lunsford discusses several cases to bolster his position that he was entitled to credit time for the time he spent incarcerated for sanctions under the Re-Entry Program. However, because we conclude that

Affirmed.

Riley, J., and Pyle, J., concur.

---

he agreed, pursuant to the participation agreement, to waive any claim to credit time for sanctions while participating in the Re-Entry Program, we do not address these cases.