## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erik Peetz,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 27, 2017<br><br>Court of Appeals Case No.<br>03A01-1701-CR-237<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause No.<br>03D01-1601-F6-110 |

**Robb, Judge.**

# Case Summary and Issue

[1] Erik Peetz appeals the trial court's finding he had violated the terms of his probation and order that he serve his suspended sentence in the Indiana Department of Correction ("DOC"), raising two issues for our review, which we consolidate and restate as whether the trial court abused its discretion in revoking his probation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In 2015, Peetz was convicted of theft and conversion and sentenced to one year in the DOC, fully suspended to probation. In early 2016 and while Peetz was still serving probation, the State charged Peetz under this cause with several new offenses, including possession of methamphetamine and possession of a syringe as Level 6 felonies. On September 27, 2016, Peetz was convicted of possession of a syringe as a Level 6 felony and the trial court sentenced him to two years in the DOC, fully suspended to probation.

[3] On October 13, 2016, the State filed a notice of a probation violation in this cause, alleging Peetz failed to attend probation orientation on two occasions, travelled out of state without permission, and failed to pay probation fees. The trial court then issued a warrant for Peetz's arrest. Peetz had knowledge of the warrant but did not turn himself in. At some point, law enforcement located Peetz, who fled on foot and hid behind a dumpster. Peetz was arrested.

[4] At a hearing on December 15, 2016, Peetz admitted to violating the conditions of his probation as alleged in the notice of probation violation. Relevant below, Peetz also addressed how he previously violated the probation he was serving from his theft and conversion convictions by using methamphetamine in 2015.[1] Following the hearing, the trial court issued an order revoking Peetz's probation and ordering him to serve the balance of his sentence in the DOC, explaining, "[Peetz] admits that he is in violation of his probation by using Methamphetamine on or about the 14th day of May, 2015." Appellant's Appendix, Volume 2 at 9. On January 4, 2016, the trial court issued an abstract of judgment explaining Peetz's probation was revoked due to "Technical Violations: Failure to Report." *Id.* at 7. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

[5] Probation is a matter of grace left to trial court discretion and an appeal from the revocation of probation is reviewed for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court misinterprets the law. *Id*. "Probation revocation is a two-step process. First, the trial court must make a factual

---

[1] It is not clear from the record whether this conviction resulted in the revocation of Peetz's probation under the previous cause.

determination that a violation of a condition of probation actually occurred. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. (citation omitted). As to the first step, the State must prove the defendant violated a condition of probation by a preponderance of the evidence. *Id*. at 617.

# II. Probation Violation

[6] Peetz argues the trial court erred in finding he violated probation on the basis he admitted to using methamphetamine in 2015 in a separate cause and therefore there is insufficient evidence to support a finding that he violated probation in this cause. We disagree.

[7] At the outset, it appears the trial court was confused in noting Peetz's methamphetamine use in 2015 supported the revocation of his probation in this cause because: 1) Peetz was not ordered to begin serving probation in this cause until September 2016, and 2) the abstract of judgment stated Peetz's failure to report was the basis for the revocation. In any event, the record demonstrates Peetz admitted to violating multiple conditions of his probation, including failing to report to orientation on two occasions and failing to seek permission before travelling out of state. Thus, although the trial court's order erroneously cites to Peetz's 2015 methamphetamine use, there is sufficient evidence in the record to support the trial court's finding that Peetz violated probation on other bases.

# III. Sanction

[8] Peetz also argues the trial court abused its discretion in ordering him to serve the balance of his sentence in the DOC. Specifically, he contends the trial court failed to take into consideration certain mitigating circumstances. However, "trial courts are not required to balance aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. In addition, Peetz violated at least three separate conditions of probation within just days of being placed on probation, failed to turn himself in to law enforcement despite knowing a warrant was out for his arrest, and attempted to flee from law enforcement. The trial court did not abuse its discretion in ordering Peetz to serve the balance of his sentence in the DOC.

# Conclusion

[9] We conclude the trial court did not abuse its discretion in revoking Peetz's probation. Accordingly, we affirm.

[10] Affirmed.

Vaidik, C.J., and Bailey, J., concur.