## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2018, 11:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jessica R. Merino
Merino Law Firm, P.C.
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronnie L. Davis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 16, 2018 <br><br> Court of Appeals Case No. <br> 20A03-1711-CR-2772 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable David C. Bonfiglio, Judge <br><br> Trial Court Cause No. <br> 20D06-1512-CM-1903 |

**Bailey, Judge.**

# Case Summary

Ronnie L. Davis ("Davis") appeals the revocation of his probation. He raises one issue: whether the State failed to timely file the petition for revocation. We affirm.

# Facts and Procedural History

On January 6, 2016, in Elkhart Superior Court, Davis and the State entered into a plea agreement under which Davis pleaded guilty to operating a vehicle while intoxicated—endangering a person, a Class A misdemeanor.[1] That same day, the trial court sentenced Davis to one year in the county jail suspended to probation ("Elkhart probation"). The terms of Davis's Elkhart probation included requirements that he not violate any law while on probation and that he notify his probation officer within seventy-two hours if he was arrested for, or charged with, a new offense.

On December 30, 2016, Davis was arrested in Miami County and charged with multiple counts of operating a vehicle while intoxicated. Davis did not notify his Elkhart County probation officer of his arrest or the charges in Miami County, and, on January 9, 2017, the Elkhart trial court issued an order of satisfactory discharge of Davis's Elkhart probation.

---

[1] Ind. Code § 9-30-5-2(b).

[4]     On May 23, 2017, Davis pleaded guilty to operating a vehicle while intoxicated, as a Class C misdemeanor, in the Miami County case, and the Miami trial court sentenced him to 180 days suspended to probation ("Miami probation"). On May 25, at Davis's request, the Miami trial court issued an order transferring Davis's Miami probation from Miami County to Elkhart County. On June 6, the Elkhart Probation Office issued a Memorandum to the Elkhart Superior Court giving notice that Davis had been convicted in Miami County of operating a vehicle while intoxicated, and giving notice of the transfer of Davis's probation from Miami to Elkhart. Attached to the Memorandum were the transfer and probation orders from the Miami trial court. On June 8, the Elkhart trial court issued notice to the Elkhart Probation Office of its order accepting transfer of Davis's probation from Miami to Elkhart.

[5]     On September 1, 2017, the Elkhart Probation Office discovered that Davis had been arrested and charged with a crime in Miami County on December 30, 2016, while still under probation supervision in Elkhart County.[2] On September 7, the Elkhart County Probation Office filed its "Violation of Probation Petition" in which it alleged that Davis violated the terms of his Elkhart probation by violating a law in Miami County on December 30, 2016, and failing to notify the probation office of his arrest within seventy-two hours.

---

[2] The record contains no evidence regarding how the Elkhart Probation Office first discovered the December 30 arrest. The "Violation of Probation Petition" does not state how it was discovered and the transcript, cited by the State, contains only the defense attorney's speculations regarding how it was discovered. The latter, of course, is not evidence.

The Petition recommended that the trial court change Davis's Elkhart probation discharge to unsatisfactory and impose his suspended sentence due to the probation violations. Appellant's App. Vol. II at 17-18.

[6] The Elkhart trial court held a revocation hearing on November 15 at which Davis argued the court lacked jurisdiction because the petition to revoke his Elkhart probation was not timely filed. The trial court found that it had jurisdiction and Davis then admitted to violating the terms of his Elkhart probation. The trial court sentenced Davis to serve 180 days through community corrections. This appeal ensued.

# Discussion and Decision

[7] Davis does not dispute that he violated the terms of his Elkhart probation by committing a crime and failing to inform the Elkhart probation office of his arrest within seventy-two hours. Rather, he contends that the revocation of his probation must be reversed because the State failed to timely file its revocation petition. The timing of such a petition is governed by Indiana Code Section 35-38-2-3(a) which provides:

(a) The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

The forty-five day deadline is only triggered in cases where the State receives notice of the probation violation less than forty-five days before the probationary term expired or after the term expired. *E.g.*, *Clark v. State*, 958 N.E.2d 488, 492 (Ind. Ct. App. 2011).

[8] Davis maintains that the State had notice of the probation violation in June 6, 2017, when the Miami probation was transferred to Elkhart. The State contends that it did not receive notice of the probation violation until September 1, 2017. Under either theory, the State would have received notice of the violation after Davis' Elkhart probationary term expired (i.e., after January 10, 2017). Therefore, the forty-five day deadline applied, and the only question on review is whether the State filed its petition within forty-five days of receiving notice of the probation violation.

[9] The determination of when the State received notice of an alleged probation violation is left to the discretion of the trial court. *Clark*, 958 N.E.2d at 491-92. We review this determination only for an abuse of discretion. We also review revocation of probation for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Id*. (citations omitted).

[10] The State filed its revocation petition on September 7, 2017, and the trial court found that filing was timely. Therefore, the trial court necessarily agreed with the State that it did not receive notice of the probation violation until September 1, 2017, rather than June 6, 2017, as argued by Davis.

[11] We agree with the trial court. None of the late-May to early-June 2017 documents relating to the transfer of the Miami probation to Elkhart stated the date upon which Davis committed the crime of which he was convicted and for which he was on probation.[3] Thus, this case is unlike *Clark v. State*, cited by Davis. In *Clark*, the county receiving a probation transfer *had notice of a probation violation* and we imputed that notice to the county sending the probation transfer. 958 N.E.2d at 494. Here, there is no evidence that either Elkhart *or* Miami had notice that Davis's December 30, 2016 offense was a violation of his probation in Elkhart. Indeed, there is no evidence that the

---

[3] As Davis points out, the cause number of the Miami criminal case, Cause No. 52D01-1612-F6-106, indicated that the criminal case was filed in December of 2016, and the Elkhart Probation Office was aware of that cause number when the Miami probation was transferred to Elkhart. However, that cause number does not necessarily mean that the crime with which Davis was charged occurred in 2016, during his Elkhart probationary period. The statute of limitations for the prosecution of misdemeanors is two years. I.C. § 35-41-4-2(a)(2). Thus, the only inference to be drawn from the date in the Miami cause number was that the crime with which Davis was charged in Miami could have happened any time in the two years before December 2016—including the period of time from December 2014 to December 2015, which was before Davis's Elkhart probationary period began.

Moreover, we note that the date the State received notice of the probation violation would have been perfectly clear had Davis complied with the probation requirement that he inform his probation officer of any arrest within seventy-two hours. We see no reason why Davis should be permitted to benefit from any alleged ambiguity in the date of notice that was caused by his own violation of a probation condition.

Miami court or probation department was aware of Davis's Elkhart probation at all.

[12] The only evidence in the record relating to when the Elkhart Probation Office had notice of the December 30, 2016 probation violation is the Violation of Probation Petition, which stated that the Elkhart Probation Office discovered the violation on September 1, 2017. Appellant's App. Vol. II at 17-19. The State filed its revocation petition six days later. Therefore, the trial court did not abuse its discretion when it found that the State timely filed its revocation petition.

[13] Affirmed.

Crone, J., and Brown, J., concur.