## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2018, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joel Frye,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 28, 2018

Court of Appeals Case No.
18A-CR-347

Appeal from the Vigo Superior Court

The Honorable Sarah K. Mullican, Judge

Trial Court Cause No.
84D03-1508-F5-2019

**Bailey, Judge.**

# Case Summary

[1] Joel Frye ("Frye") appeals the revocation of his direct placement in home detention, presenting the sole issue of whether the State presented sufficient evidence to support the revocation. We affirm.

# Facts and Procedural History

[2] In 2016, Frye pleaded guilty to Burglary, as a Level 5 felony, and admitted his status as a habitual offender. The trial court imposed a five-year sentence—which it enhanced by five years—and ordered that Frye serve four years in home detention, with the remaining six years suspended to probation. Later in 2016, the State successfully petitioned to revoke Frye's placement in home detention. At that point, Frye was transferred to work release for several months, and he eventually returned to home detention.

[3] On December 21, 2017, the State again petitioned to revoke Frye's placement in home detention. The State alleged, *inter alia*, that Frye had tested positive for T.H.C. and alcohol-related compounds in May of 2017. The trial court held a hearing on the State's petition, at which Frye's counsel admitted that there had been a positive screen. In argument to the court, counsel asserted that Frye had been "substantially in compliance." Tr. Vol. II at 26. Counsel acknowledged that "there were positive screens earlier in the year," but argued that there had not been a positive screen for six to eight months. *Id.* at 26-28. Counsel also clarified that the dispute was only to other allegations in the petition.

[4] The court revoked Frye's placement, and ordered that Frye serve the remaining executed portion of his sentence at the Indiana Department of Correction.

[5] Frye now appeals.

# Discussion and Decision

[6] Placement in a community corrections program is a conditional liberty that is a matter of grace, not a right. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation." *Id.* (footnote omitted). Because a revocation proceeding is civil in nature, the State need only prove an alleged violation by a preponderance of the evidence. *Id.* at 551. Moreover, proof of a single violation is sufficient to support revoking the placement. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. Upon determining that a defendant has violated a term of his placement, the court may "revoke the placement and commit the person to the county jail or department of correction for the remainder of the person's sentence." Ind. Code § 35-38-2.6-5.

[7] We review revocation decisions for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). In reviewing the court's decision to revoke the placement, we "consider all the evidence most favorable to supporting the

judgment of the trial court without reweighing that evidence or judging the credibility of witnesses." *Cox*, 706 N.E.2d at 551. We will affirm the decision if there is substantial evidence of probative value supporting its determination that the defendant violated a condition of his placement in the program. *Id.*

[8] Frye argues that the State did not introduce evidence of the conditions of his placement in home detention. Thus, according to Frye, there is no evidence that Frye violated an actual condition of his placement.[1] Yet, the State introduced evidence that there had been a positive screen for T.H.C. and alcohol, and Frye admitted to as much.[2] Moreover, counsel clarified that the dispute was only to "the fees" and to lockdown-related allegations, Tr. Vol. II at 27, while pointing out that there had been "no new allegations" concerning alcohol or drugs, *id.* at 28. Ultimately, Frye's strategy was to argue that he was substantially compliant and that the remoteness of the positive screen warranted leniency. Frye may not now inconsistently argue that there was no violation. *Smith v. State*, 765 N.E.2d 578, 582 (Ind. 2002) (noting that "judicial

---

[1] To the extent Frye is arguing that he did not have notice of the conditions, he has waived this argument by raising it for the first time on appeal. *See Leonard v. State*, 80 N.E.3d 878, 884 n.4 (Ind. 2017).

[2] After argument from Frye's counsel, the court asked, "[Y]ou don't dispute that he was positive for alcohol and marijuana?" Tr. Vol. II at 27. Counsel responded, "No your Honor. He's already . . . admitted on the stand that those were correct." *Id.* In a footnote, Frye asserts that counsel mischaracterized his earlier testimony. Yet, putting aside whether Frye's testimony constituted an admission to nearly all of the allegations, even before Frye testified, counsel acknowledged—when questioning Frye's case manager—that Frye "had T.H.C. last in May . . . about eight (8) months ago." *Id.* at 7. Moreover, we note that admissions can be made by a party or his attorney, and can "occur[] at any point in a judicial proceeding." *Stewart v. Alunday*, 53 N.E.3d 562, 568 (Ind. Ct. App. 2016).

estoppel . . . prevent[s] a party from asserting a position in a legal proceeding inconsistent with one previously asserted.").

[9] We accordingly conclude that there is sufficient evidence to support the revocation of Frye's placement in home detention.

[10] Affirmed.

Crone, J., and Brown, J., concur.