## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry E. Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 7, 2019

Court of Appeals Case No.
18A-CR-2483

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause No.
03C01-1102-FB-887

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jerry Jones (Jones), appeals from the sanction imposed by the trial court following the revocation of his probation.

We affirm.

# ISSUE

Jones presents one issue on appeal: Whether the trial court abused its discretion when it ordered him to serve the entirety of his previously-suspended sentence.

# FACTS AND PROCEDURAL HISTORY

On February 14, 2011, the State filed an Information, charging Jones with two Counts of Class B felony dealing in a schedule II controlled substance. On June 29, 2011, Jones pleaded guilty to one Count of Class B felony dealing in a schedule II controlled substance, and the trial court sentenced him to twelve years with the Department of Correction (DOC), with four years suspended to probation. The trial court found as aggravating circumstances that Jones was on probation at the time he committed the offense, his previous opportunities for treatment had not been effective, and the offense was Jones' third felony conviction. The date of Jones' completion of his sentence and release to probation is not part of the record on appeal.

On March 7, 2017, the State filed a petition to revoke Jones' probation, alleging that he had been arrested for the new offense of theft on January 25, 2017, in

Johnson County. On August 21, 2017, the State filed an amended petition to revoke Jones' probation, alleging that he had committed the new offense of operating a motor vehicle while intoxicated on August 11, 2017. On October 9, 2017, the State amended its petition a second time to include an allegation that Jones had committed the new offenses of aggravated battery, domestic battery while children were present, domestic battery, and criminal trespass on October 4, 2017, in Johnson County.

[6] On May 31, 2018, the trial court held Jones' probation revocation hearing. Jones admitted that he had committed the new offenses, and the trial court revoked his probation.[1] On September 13, 2018, the trial court held Jones' dispositional hearing. By then Jones had pleaded guilty to, and been sentenced for, Level 6 felony theft, battery, and domestic battery. His new operating a motor vehicle while intoxicated charge was still pending. Jones testified that his conviction for theft for stealing a Lego set was the result of his wife leaving the store without telling him, causing him to seek her out past the point of sale without purchasing the toy. Jones also admitted that he had abused opiates, Xanax, and marijuana while on probation and that his wife's act of flushing his Xanax down the toilet angered him on the day he committed the new battery offenses. However, Jones denied hitting his wife. Jones felt that he was in need of substance abuse treatment which he had never received.

---

[1] A transcript of this hearing is not part of the record on appeal. It is unclear from the record whether Jones had already pleaded guilty to any of his new charges by the date of his revocation hearing.

At the conclusion of the hearing, the trial court found that Jones was in need of the structured substance abuse treatment that would be available to him with the DOC. The trial court also found that Jones had been convicted originally of a dealing offense and that his newest convictions were felonies. The trial court ordered Jones to serve the four-year balance of his previously-suspended sentence.

Jones now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

It is well-settled that probation is a matter of grace which is left to the trial court's discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). In exercising that discretion, the trial court may determine probation conditions and revoke probation if those conditions are violated. *Id*. If a trial court revokes probation, it may continue the person on probation, extend the probationary period for not more than one year, or order the execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3(h). The trial court has considerable leeway in deciding how to proceed in probation matters. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). If this were not so, trial court judges would be less inclined to order probation for defendants. *Id*. In light of this considerable leeway, "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*.

Here, Jones had a significant criminal history and had his probation revoked on at least one occasion in the past. Jones was given yet another chance in the community when he was granted probation in this case, but while exercising that conditional freedom, he had three sets of new contacts with the criminal justice system, resulting in three new felony convictions. Two of those new convictions involved violence. Jones has a long history of substance abuse and was offered treatment through his various contacts with the criminal justice system in 2000, 2004, 2009, and 2010. Jones did not avail himself of those opportunities and admitted to abusing opiates, Xanax, and marijuana while on probation in this case. Given these circumstances, we cannot conclude that it was an abuse of the trial court's discretion to order Jones to serve his previously-suspended four-year sentence.

Jones argues that the trial court abused its discretion when it failed to consider his admissions to the new offenses as a mitigating sentencing factor. However, a trial court is not obligated to consider mitigating and aggravating circumstances when imposing a probation revocation sanction. *See Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*; *see also Porter v. State*, 2018 WL 6839398, at *2 (Ind. Ct. App., Dec. 31, 2018) (rejecting Porter's argument that the trial court should have accorded mitigating weight to his admission at his probation revocation hearing to a new offense). Even so, at his dispositional hearing, Jones attempted to shift blame for the theft offense and denied battering his wife, offenses to which he had already pleaded guilty. We

find no abuse of discretion on the part of the trial court. *Prewitt*, 878 N.E.2d at 188.

# CONCLUSION

[12] Based on the foregoing, we conclude that the trial court did not abuse its discretion when it ordered Jones to serve his previously-suspended four-year sentence.

[13] Affirmed.

[14] Kirsch, J. and Robb, J. concur