## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2017, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rex A. Clark, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 26, 2017 <br><br> Court of Appeals Case No. 03A01-1701-CR-119 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Trial Court Cause No. 03D01-1411-FC-5279 |

**Pyle, Judge.**

## Statement of the Case

[1] Rex A. Clark ("Clark") appeals the revocation of his probation, arguing that there was not sufficient evidence to support the revocation and that the trial

court abused its discretion by ordering him to serve his previously suspended sentence. Finding no error, we affirm the trial court's judgment.

[2] We affirm.

## Issues

1. Whether the trial court abused its discretion by revoking Clark's probation.

2. Whether the trial court abused its discretion by ordering Clark to serve his previously suspended sentence.

## Facts

[3] In November 2014, the State charged Clark with Class C felony escape and two counts of Class A misdemeanor resisting law enforcement. The State also alleged that he was an habitual offender. In February 2016, Clark entered into a plea agreement and pled guilty to the Class C felony charge in exchange for the dismissal of the remaining counts. In March 2016, the trial court imposed an eight (8) year sentence, with one (1) year executed in the county jail, one (1) year on direct commitment with community corrections, and five (5) years on probation with community corrections. The trial court also ordered Clark to cooperate with the court's alcohol and drug program and to obtain a substance abuse evaluation.

[4] A few weeks after sentencing, on March 31, 2016, the State filed a notice of probation violation, alleging that Clark had violated his probation by using methamphetamine. Clark admitted to the violation, and the trial court extended Clark's probation by six months and continued him on probation.

[5] Shortly thereafter, on August 4, 2016, the State filed a second notice of probation violation, alleging that Clark had violated his probation by using suboxone. Clark admitted to the violation, and the trial court allowed Clark to remain on probation.

[6] On October 14, 2016, two Bartholomew County probation officers went to Clark's house to have him submit to an initial drug screen, which revealed a positive result for amphetamines. The probation officers then took a saliva sample to submit to the lab for further testing. The results of this lab test revealed a positive result for methamphetamine.

[7] Subsequently, on October 27, 2016, the State filed a third notice of probation violation, alleging that Clark had again violated his probation by using methamphetamine. Thereafter, following a request from Clark, the trial court ordered the oral sample to be retested at Clark's expense. The retested sample also came back positive for methamphetamine.

[8] The trial court held a probation revocation hearing on December 19, 2016. During the hearing, State presented testimony from the two probation officers who had collected Clark's saliva for the drug test and offered into evidence, without objection, the State's lab test results (State's Exhibit 1) and Clark's retested lab results (State's Exhibit 2). Clark testified at the hearing and denied that he had been using methamphetamine at the time he was tested. The trial

court determined that Clark had violated his probation by using methamphetamine.[1]

[9] The trial court then proceeded to a consideration of the appropriate sanction based on that violation. Clark testified that it could have been "possible" that he could have accidently ingested something that resulted in the positive drug screen, and he asked the trial court to either release him to community corrections or "terminate [his] probation unsuccessfully and let [him] go home[.]" (Tr. Vol. 2 at 71).

[10] The trial court revoked Clark's probation and ordered him to serve the remaining portion of his previously suspended sentence in the Indiana Department of Correction ("DOC"). The trial court recommended that Clark be placed in purposeful incarceration and stated that it would be willing to consider modifying Clark's sentence to community corrections if he filed a request after completing the purposeful incarceration program. Clark now appeals.

## Decision

[11] Clark argues that the trial court abused its discretion by: (1) revoking his probation; and (2) ordering him to serve the remainder of his previously suspended sentence. We will address each argument in turn.

---

[1] The trial court's order specified that Clark's use of methamphetamine that violated probation was "on or about the 15th day of October, 2016." (App. Vol. 2 at 28). The probation officers collected the saliva sample on October 14 but mistakenly wrote October 15 on the drug screen form.

## 1. Revocation of Probation

[12] Clark challenges the trial court's determination that he violated probation by using methamphetamine.

[13] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). We review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*.

[14] Clark argues that there was not sufficient evidence to support the trial court's revocation of his probation. He does not dispute the admissibility of the drug tests or the specific findings contained therein; instead, he argues that the State failed to prove that he had used methamphetamine because he denied that he had. Clark acknowledges that "his denials did not prevent the trial court from

believing otherwise" but argues that "his denials carry more weight . . . ." (Clark's Br. 9). Clark's argument is nothing more than a request to reweigh the evidence, which we will not do. *See Sanders*, 825 N.E.2d at 955. When determining that Clark had violated probation by using methamphetamine, the trial court stated that it had "listened very closely to the evidence[,] and [it] ha[d] reviewed [the drug test result] documents very closely as well." (Tr. Vol. 2 at 68-69).

[15] Because the evidence was sufficient to show that Clark violated the terms of his probation by using methamphetamine, we affirm the trial court's revocation of his probation.

### 2. Order to Serve Suspended Sentence

[16] Clark also argues that the trial court abused its discretion by ordering him to serve his previously suspended sentence.

[17] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an

abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[18] The record reveals that the trial court had ample basis for its decision to order Clark to serve his previously suspended sentence in the DOC. Significantly, this was Clark's third violation of probation. Clark's first probation violation, which occurred within weeks of sentencing, occurred when Clark used methamphetamine. He admitted that he had violated probation by using methamphetamine, and the trial court continued him on probation and extended it by six months. Clark's second probation violation involved the use of drugs, this time suboxone, and the trial court again granted leniency to Clark and allowed him to continue on probation. Clark's third probation violation at issue in this appeal was again based on his use of illegal drugs. After ordering Clark to serve the remainder of his previously suspended sentence, the trial court attempted to offer him some words of guidance and encouragement:

> Uh, but I am going to be real straight with you, Rex, I think you have a significant drug problem, that's not been addressed very well. And I think that the best option, and I know you don't like it, but the best option, for you, I am going to recommend purposeful incarceration and have you go to the DOC and have you do that. I am going to order you to execute the balance of your sentence, but if you complete the purposeful incarceration you just file a letter and I will consider modifying you back to community corrections or something like that. But you have to take this thing seriously and approach this from a different level. Okay. Because I see this kind of stuff all the time and I kind of get the impression that, you are the type of guy, who can, can

schmooze people over pretty easily.  Alright.  But I am going to tell you that you don't schmooze me over, okay.

* * * * *

But I want, I want you to do well, I want you to be able to live a good, normal life, and not have to come in here and deal with all of this crap all the time.  I don't want to see you in here all the time. I would rather run into you in the Walmart and exchange pleasantries as opposed to seeing you like this all of the time.  But you've got to approach this from a different angle.  Purposeful incarceration . . . .

* * * * *

Just go there and just, just, just do . . . you know they need about eight or nine months, to get you through this program.  Behave yourself for eight or nine months, and graduate the program, I think you will be a different guy.

(Tr. Vol. 2 at 74-76).

[19]    Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Clark to serve his previously suspended sentence.  For the foregoing reasons, we affirm the trial court's revocation of Clark's probation.

[20]    Affirmed.

May, J., and Brown, J., concur.