# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2019, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General
Indianapolis, Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Heather Gutzwiller, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 16, 2019 <br><br> Court of Appeals Case No. 19A-CR-701 <br><br> Appeal from the Ripley Superior Court <br><br> The Honorable Jeffrey Sharp, Judge <br><br> Trial Court Cause Nos. 69D01-1807-CM-207 69D01-1808-CM-218 |

**May, Judge.**

[1] Heather Gutzwiller appeals the trial court's order that she serve the remainder of her sentence incarcerated after she violated probation. We affirm.

## Facts and Procedural History

[2] On January 15, 2019, Gutzwiller entered guilty pleas to two counts of Class A misdemeanor operating a vehicle while intoxicated[1] stemming from two different 2018 cause numbers ("CM-207" and "CM-218"). The trial court sentenced Gutzwiller to 365 days with 243 days suspended to probation under CM-218, to be served consecutive to 365 days with 363 days suspended to probation under CM-207, for an aggregate sentence of 730 days with 606 days suspended to probation. Gutzwiller received 124 days of credit for pre-trial detention. One of the terms of Gutzwiller's probation was that she abstain from drug and alcohol use.

[3] On January 22, 2019, the State alleged Gutzwiller violated her probation because she tested positive for alcohol and methamphetamine. On January 24, Gutzwiller admitted she violated her probation, and the trial court revoked her probation and ordered her to serve 602 days on home detention. As part of the terms of her in-home detention, Gutzwiller was ordered to abstain from alcohol and illegal substances and to complete the Court's Addiction and Drug Services program.

---

[1] Ind. Code § 9-30-5-2(b).

[4] On January 29, 2019, the State alleged Gutzwiller committed a Community Corrections violation by consuming alcohol. On February 1, 2019, the State filed a Request to Convert Home Detention. On February 27, 2019, the trial court held a hearing regarding the alleged Community Corrections violation. Gutzwiller admitted she violated the terms of her in-home detention by consuming alcohol. The trial court granted the State's motion to covert Gutzwiller's in-home detention into incarceration, ordering Gutzwiller to serve an aggregate sentence of 483 days incarcerated.

# Discussion and Decision

[5] Probation[2] is a favor granted by the State, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. A court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing if the court finds the person has violated a condition at any time before termination of that probationary period. Ind. Code § 35-38-2-3(h).

[6] The conditions for probation and whether to revoke probation when those conditions are violated are left to the discretion of the trial court. *Heaton v.*

---

[2] Gutzwiller alleges error in the trial court's revocation of her probation. We note, however, that Gutzwiller appeals from the trial court's revocation of her Community Corrections placement. Because "[w]e treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation," *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), we address Gutzwiller's argument as she has framed it.

*State*, 984 N.E.2d 614, 616 (Ind. 2013). We review probation violation determinations and sanctions for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). "We will second-guess the fact-finding court only when it responds to that factual context in an unreasonable manner." *Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001).

[7] Gutzwiller argues the trial court abused its discretion when it revoked the entire portion of her suspended sentence and converted her placement to incarceration because she has mental health problems, she admitted to the violations, and she did not have a significant criminal record. However, Gutzwiller violated the terms of her probation by consuming alcohol and methamphetamine less than a week after she was sentenced. When the trial court placed her on in-home detention through Community Corrections, it also ordered her to complete the Court's Addiction and Drug Services program. Less than a week after her placement on in-home detention, Gutzwiller violated the terms of the program by using alcohol. When asked why she did not complete the Court's Addition and Drug Services program, Gutzwiller testified "[n]ot all programs work the same for each individual" and she did not like the structure of the program so she just "gave up." (Tr. Vol. II at 39.) Based thereon, we cannot say the trial

court abused its discretion when it ordered Gutzwiller to serve the remainder of her suspended sentence incarcerated.

[8] Gutzwiller argues the facts of her case are similar to those in *Puckett v. State,* 956 N.E.2d 1182, 1188 (Ind. Ct. App. 2011), and *Johnson v. State*, 62 N.E.3d 1224, 1232 (Ind. Ct. App. 2016), two cases in which our court determined the trial court had abused its discretion when it revoked each defendant's probation and ordered the suspended sentences executed. Both *Puckett* and *Johnson* are distinguishable.

[9] In *Puckett*, we reversed the trial court's order that Puckett serve his sentence executed after he violated probation because in its order "the trial court plainly and repeatedly expressed its displeasure with Puckett's original plea agreement." *Puckett*, 956 N.E.3d at 1187. We determined, "[a] trial court's belief that a sentence imposed under such an agreement was 'too lenient' is not a proper basis upon which to determine the length of a sentence to be imposed following a revocation of probation." *Id*. That is not what happened here, as the trial court did not comment on Gutzwiller's underlying plea agreement and Gutzwiller does not allege the judge relied on his personal feelings when determining her placement after she violated the terms of her Community Corrections placement.

[10] In *Johnson*, our court reversed the trial court's order that Johnson serve the remainder of his sentence incarcerated following a violation of the rules of his Community Corrections placement. *Johnson*, 62 N.E.3d at 1231. Johnson,

who suffered from well-documented mental and cognitive difficulties which made him unable to fully understand some of the terms of his placement, was sentenced to seven years executed to home detention and four years suspended to probation for Level 3 felony neglect of a dependent resulting in serious bodily injury.[3] After he had completed almost a year of home detention, Community Corrections alleged he strayed from an approved location as part of his home detention and that he had left his apartment without authorization. Additionally, Johnson had not promptly paid his Community Corrections fees. For these violations, the trial court ordered the remainder of the seven-year portion of Johnson's sentence served in the Department of Correction. *Id*. at 1227-29. We held:

> [U]nder the circumstances reflected in the record, including the level of Johnson's functioning and his resources, his previous successful placement on work release, the nature of the violation, and the severity of the court's sentence, we conclude that the trial court abused its discretion in finding that Johnson's violation warranted serving the entirety of the remaining portion of his executed sentence in the [Department of Correction].

*Id*. at 1231.

[11] In comparison, Gutzwiller was not successful in completing even a month on probation or Community Corrections, she did not indicate she had cognitive disabilities which made her unable to understand the requirements of her

---

[3] Ind. Code § 35-46-1-4.

probation or Community Corrections placement, and her violations were numerous and directly related to a continuing substance abuse problem. Based thereon, we cannot say the trial court abused its discretion when it ordered Gutzwiller to serve the remainder of her suspended sentence incarcerated.

# Conclusion

[12] The trial court did not abuse its discretion when it ordered Gutzwiller to serve the remainder of her suspended sentence incarcerated after she violated both probation and her Community Corrections placement within two months of being sentenced. Accordingly, we affirm.

[13] Affirmed.

Najam, J., and Bailey, J., concur.