## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

William G. Neighbors,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 30, 2020

Court of Appeals Case No.
20A-CR-1230

Appeal from the Orange Superior Court

The Honorable R. Michael Cloud, Judge

Trial Court Cause No.
59D01-2001-CM-35

**Pyle, Judge.**

# Statement of the Case

In this expedited appeal,[1] William G. Neighbors ("Neighbors") appeals the revocation of his probation. His sole argument is that the trial court abused its discretion in revoking his probation because there was not sufficient evidence to support the revocation. Finding no abuse of the trial court's discretion, we affirm the trial court's judgment.

We affirm.

# Issue

> Whether the trial court abused its discretion when it revoked Neighbors' probation.

# Facts

On March 2, 2020, Neighbors pled guilty to Class A misdemeanor possession of marijuana. The trial court sentenced Neighbors to one (1) year in the county jail and suspended the sentence to probation. As one of the probation terms, the trial court ordered Neighbors to "[e]nroll in and successfully complete the Orange Superior Court Alcohol and Drug Program" ("the Court Program"). (App. Vol. 2 at 43).

Neighbors arrived late to a March 7 assessment with the Court Program's director, Kali Walls ("Walls"). Because Neighbors also arrived at the

---

[1] This Court's motions panel granted Neighbor's motion to expedite this appeal on September 3, 2020.

assessment without the required paperwork, Walls rescheduled Neighbors' assessment for March 21. On March 19, Walls telephoned Neighbors to reschedule the March 21 assessment because the building where the assessments were completed was scheduled to close due to the COVID-19 pandemic. Neighbors told Walls that he was not able to write down a new assessment time at that moment and that he would call her back.

[5] Neighbors failed to return the call to Walls. Four days later, Walls attempted to call Neighbors again, but he did not answer his telephone. Thereafter, Walls sent Neighbors a letter advising him that she had rescheduled his assessment for Saturday, May 16, 2020.

[6] When Neighbors failed to attend the May 16 assessment, Walls sent a letter to the prosecutor advising her that Neighbors "ha[d] not complied with [the Court Program's] requirements[.] He ha[d] failed to appear for his assessment." (App. Vol. 2 at 48). The following day, the State filed the following petition to revoke Neighbors' probation:

> 1. That heretofore this Court previously made an Order that [Neighbors] enroll in and successfully complete [the Court Program].
>
> 2. That [Neighbors] did knowingly and/or recklessly fail[] to comply with the terms and conditions of [the Court Program] as ordered and therefore is in violation of his/her probation.

(App. Vol. 2 at 47). The State attached Walls' letter to the petition.

[7] At the beginning of the June 2020 revocation hearing, defense counsel told the trial court that he thought the hearing concerned a petition to revoke Neighbors' bond in another case. After the trial court and the State both clarified that the hearing concerned the petition to revoke Neighbors' probation, Neighbors' counsel stated that it was "fine" to proceed with the revocation hearing. (Tr. Vol. 2 at 27). When Neighbors heard the trial court, the State, and defense counsel discussing a revocation hearing, Neighbors stated in open court, "I forgot to go to my assessment[.]" (Tr. Vol. 2 at 27).

[8] Thereafter, Walls, who had been the Court Program's director for ten years, testified on direct examination that Neighbors had failed to attend his assessment on Saturday, May 16. Neighbors did not object to Walls' testimony. During cross-examination, Walls testified that she does not routinely perform the Saturday assessments and would not have been present on May 16 when Neighbors failed to attend his assessment.

[9] During re-direct examination, Walls testified that the person who performs the Saturday assessments ("the Saturday assessor") routinely provides Walls with notes about what has happened during those assessments. Walls further testified that the Saturday assessor had provided her with notes for the Saturday May 16 assessments. Walls also testified that although the building where the assessments were completed was closed on Saturdays, the Saturday assessor left a note and a telephone number on the front door advising the clients to telephone her when they arrived for their assessments. When the State again asked Walls if Neighbors had ever appeared for an assessment, Neighbors

objected. Neighbors specifically argued that Walls' testimony was hearsay because she "d[id] not have personal knowledge." (Tr. Vol. 2 at 35). The trial court overruled the objection. At the end of the hearing, the trial court concluded that the State had met its burden to prove that Neighbors had violated his probation.

[10] At the probation sentencing hearing two weeks later, when asked to respond to Walls' testimony at the revocation hearing, Neighbors stated as follows: "Well[,] to be one hundred percent honest uh, I just, I didn't realize[] that [the assessment] was . . . on a Saturday[.]" (Tr. Vol. 2 at 57). Thereafter, the trial court noted that Neighbors had "a very lengthy . . . criminal history . . . and . . . had picked up two (2) . . . arrests . . . with charges pending in th[at] Court . . . since the petition for probation violation [had been] filed[.]" (Tr. Vol. 2 at 63). The trial court ordered Neighbors to serve his suspended one (1) year sentence in the county jail.

[11] Neighbors now appeals the revocation of his probation.

# Decision

[12] At the outset, we note that Neighbors does not argue that: (1) he did not receive Walls' letter notifying him that his assessment had been rescheduled until May 16; (2) the trial court abused its discretion in admitting Walls' testimony; or (3) he attempted to attend the assessment but did not see a note to telephone the assessor and was not able to enter the building. Rather, his sole argument is that the trial court abused its discretion in revoking his probation

because there is insufficient evidence to support the revocation of his probation. Neighbors specifically argues that "the record is devoid of any evidence presented by the State of Indiana that Neighbors violated his conditions of probation." (Neighbors' Br. 9).

[13] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010).

[14] We review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*.

[15] Here, our review of the evidence reveals that, as a term of Neighbors' probation, the trial court ordered Neighbors to enroll in and successfully complete the Court Program. Walls, who has been the director of the Court Program for ten years, testified without objection at the revocation hearing that Neighbors had failed to attend the Court Program's assessment. This evidence is sufficient to support the revocation of Neighbors' conviction. We further note that, before the revocation hearing had begun, when the parties were discussing the purpose of the hearing, Neighbors admitted in open court that he had forgotten to attend the assessment.

[16] Because the evidence was sufficient to show that Neighbors violated the terms of his probation by failing to enroll in and successfully complete the Court Program, the trial court did not abuse its discretion when it revoked Neighbors' probation.

[17] Affirmed.

Kirsch, J., and Tavitas, J., concur.